IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2009

**STATE OF TENNESSEE v. DAVID SCOTT WINFREY**

**Appeal from the Criminal Court for Sumner County**
**No. CR819-2007; CR848-2007; CR41-2008   Dee David Gay, Judge**

_____

**No.  M2008-01429-CCA-R3-CD - Filed August 14, 2009**

_____

Appellant, David Scott Winfrey, pled guilty in Sumner County to twenty-nine Class A misdemeanors consisting of one count of aggravated criminal trespass, one count of stalking, thirteen counts of harassment, and fourteen counts of violation of an order of protection.  Following a sentencing hearing, the trial court sentenced Appellant to eleven months and twenty-nine days for each misdemeanor conviction.  In addition, the trial court ordered Appellant to serve ten of his violation of an order of protection sentences consecutively to each other, with the remaining sentences to be served concurrently.  The trial court based the imposition of the consecutive sentences on Tennessee Code Annotated section 39-13-113(g).  On appeal, Appellant argues that the trial court erred in imposing sentences of eleven months and twenty-nine days, in ordering incarceration above time already served, and in imposing consecutive sentences.  After a thorough review of the record, we find no error with the length of the sentences imposed.  However, we have determined that Tennessee Code Annotated section 39-13-113(g) authorizes sentences for violation of an order of protection to run consecutively to other convictions stemming from the same underlying facts, as opposed to authorizing sentences for violation of an order of protection to run consecutively to each other.  Therefore, we vacate the sentences imposed by the trial court and remand for resentencing in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Vacated and Remanded for Resentencing.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Mike Anderson, Assistant Public Defender, Gallatin, Tennessee, for the appellant, David Scott Winfrey.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Bryna Landers Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Appellant and the victim were involved in a romantic relationship. On April 23, 2007, the victim obtained an order of protection against Appellant after an altercation. Following the entry of the order of protection, Appellant continued to have contact with the victim. As a result of incidents in June and July of 2007, Appellant was indicted for multiple offenses in connection with his contact with the victim. The Sumner County Grand Jury indicted Appellant for eleven counts that consisted of the following: one count of aggravated criminal trespass, one count of stalking, four counts of harassment, and five counts of violation of an order of protection. As a result of incidents in August 2007, the Sumner County Grand Jury also indicted Appellant for one count of harassment and one count of violation of an order of protection. As a result of incidents in December of 2007, the Sumner County Grand Jury indicted Appellant for eight counts of violation of an order of protection and eight counts of harassment.

On April 10, 2008, Appellant entered a no contest plea to all twenty-nine Class A misdemeanors with which he was charged. The indictments for the misdemeanor charges stem from three cases, 819-2007, 848-2007, and 41-2008. The following chart shows the case number, followed by each count of the indictment with the date of the alleged offense and the charge.

**819-2007**

| | | |
|---|---|---|
| Count 1: | June 22, 2007 | Aggravated Criminal Trespass |
| Count 2 | June 22 - July 19, 2007 | Stalking |
| Count 3 | July 15, 2007 | Harassment |
| Count 4 | July 15, 2007 | Violation of an Order of Protection |
| Count 5 | July 16, 2007 | Harassment |
| Count 6 | July 16, 2007 | Violation of an Order of Protection |
| Count 7 | July 18, 2007 | Harassment |
| Count 8 | July 18, 2007 | Violation of an Order of Protection |
| Count 9 | July 19, 2007 | Harassment |
| Count 10 | July 19, 2007 | Violation of an Order of Protection |
| Count 11 | July 20, 2007 | Violation of an Order of Protection |

**848-2007**

| | | |
|---|---|---|
| Count 1 | August 12, 2007 | Harassment |
| Count 2 | August 12, 2007 | Violation of an Order of Protection |

**41-2008**

| | | |
|---|---|---|
| Count 1 | December 6, 2007 | Violation of an Order of Protection |
| Count 2 | December 6, 2007 | Harassment |

| Count 3 | December 7, 2007 | Violation of an Order of Protection |
| Count 4 | December 7, 2007 | Harassment |
| Count 5 | December 8, 2007 | Violation of an Order of Protection |
| Count 6 | December 8, 2007 | Harassment |
| Count 7 | December 9, 2007 | Violation of an Order of Protection |
| Count 8 | December 9, 2007 | Harassment |
| Count 9 | December 10, 2007 | Violation of an Order of Protection |
| Count 10 | December 10, 2007 | Harassment |
| Count 11 | December 11, 2007 | Violation of an Order of Protection |
| Count 12 | December 11, 2007 | Harassment |
| Count 13 | December 12, 2007 | Violation of an Order of Protection |
| Count 14 | December 12, 2007 | Harassment |
| Count 15 | December 13, 2007 | Violation of an Order of Protection |
| Count 16 | December 13, 2007 | Harassment |

The twenty-nine misdemeanors consisted of one count aggravated criminal trespass, one count of stalking, thirteen counts of harassment, and fourteen counts of violation of an order of protection. On May 30, 2008, the trial court held a sentencing hearing to determine the length and manner of service of Appellant's sentence. At the conclusion of the sentencing hearing, the trial court sentenced Appellant to eleven months and twenty-nine days for each of the twenty-nine misdemeanor convictions to be served at seventy-five percent. The trial court ordered that ten of the violation of an order of protection order sentences be run consecutively to each other and the remainder of the sentences to be run concurrently with each other. In addition, the trial court ordered Appellant to serve three of the consecutive sentences and then be placed on supervised probation for seven years. Appellant was to be given jail time credit for the roughly nine months he had served up until the time of sentencing.

Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant challenges the sentence imposed by the trial court. Appellant argues that the trial court erred in setting the length of the sentences, ordering the sentences to be run consecutively, and ordering additional incarceration time above the jail credit earned up to the time of sentencing.

"When reviewing sentencing issues . . . , the appellate court shall conduct a *de novo* review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169

(Tenn. 1991). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See* T.C.A. § 40-35-302(b); *State v. Palmer*, 902 S.W.2d 391, 392 (Tenn. 1995). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998); *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor is not entitled to a presumptive sentence. *State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). "[M]isdemeanor sentences do not contain ranges of punishments, and a misdemeanor defendant may be sentenced to the maximum term provided for the offense as long as the sentence imposed is consistent with the purposes of the sentencing act." *Troutman*, 979 S.W.2d at 273.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. T.C.A. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. T.C.A. § 40-35-302(e). In determining the percentage of the sentence to be served in actual confinement, the court must consider the principles of sentencing and the appropriate enhancement and mitigating factors, and the court must not impose such percentages arbitrarily. T.C.A. § 40-35-302(d).

### Length of Sentence & Additional Incarceration

Appellant argues on appeal that the trial court erred in setting his sentences at eleven months and twenty-nine days and in ordering incarceration time over and above the time already served while awaiting settlement of his case. The State argues that the trial court properly imposed a sentence in keeping with the sentencing principles announced in our statutes.

The trial court stated that it found no enhancement factors applied in determining Appellant's sentence. The trial court did, however, reference Tennessee Code Annotated section 40-35-114(13) which states that if a defendant commits a felony at the time he was on some form of release in the community it is an enhancement factor. The trial court pointed out that the enhancement factor specifically mentions a felony. The trial court then stated that when Appellant committed the misdemeanors he was on various orders from the trial court and the chancery court. Based upon this fact and after considering the principles of sentencing, the trial court ordered the sentences to be eleven months and twenty-nine days at seventy-five percent.

As stated above, a trial court has a great deal of flexibility when imposing a misdemeanor sentence. *Troutman*, 979 S.W.2d at 273. We conclude that the trial court considered the sentencing

purposes and principles set out in our statutes. The trial court's imposition of the maximum sentence and ordering incarceration above what Appellant had already served is supported by the record.

Therefore, this issue is without merit.

## Consecutive Sentences

Appellant also argues that the trial court erred in ordering several of Appellant's sentences to run consecutively. The State argues that the trial court properly relied upon Tennessee Code Annotated section 39-13-113(g) to support the imposition of consecutive sentences. At the sentencing hearing that trial court stated that Appellant's sentences for violation of an order of protection were to run consecutively as required by statute.

Tennessee Code Annotated section 39-13-113(g) states:

> A violation of this section is a Class A misdemeanor, and any sentence imposed shall be served consecutively to the sentence for any other offense that is based in whole or in part on the same factual allegations, unless the sentencing judge or magistrate specifically orders the sentences for the offenses arising out of the same facts to be served concurrently.

T.C.A. § 39-13-113(g).

Appellant argues that the trial court erred because the statute does not require consecutive sentencing because the statute states that a trial court *may* order the sentences to run concurrently. The State argues that each violation of an order of protection charge stems from a violation of the same order of protection, and, therefore, they are based upon the same factual allegations.

This Court interprets the statute in question differently. The statute states that a sentence imposed for violating an order of protection "shall be served consecutively" to any sentence imposed for "any *other* offense" stemming from the same factual allegations. (*Emphasis supplied*). *See id.* Therefore, the trial court's ordering of Appellant's violation of protection sentences to run consecutively to each other was error. Rather, under the statute, the trial court could have ordered the violation of protection sentences to run consecutively to other convictions stemming from the same underlying facts. For instance, if Appellant was convicted of a count of harassment and a count of violation of an order of protection for one particular incident the sentence for the violation of an order of protection could properly run consecutively to the sentence for harassment.

Outside of the requirements of Tennessee Code Annotated section 39-13-113(g), a trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. However, in this case, none of the criteria applies to Appellant.

Therefore, we must vacate the sentences imposed by the trial court and remand for resentencing. Upon reconsideration, the trial court may order the sentences for the violation or an order of protection to run consecutively to any other offenses which are based upon the same underlying facts. There is no other statutory authority for the imposition of consecutive sentences, in this case, other than those under Tennessee Code Annotated section 39-13-113(g).

## **CONCLUSION**

For the foregoing reasons, we vacate and remand for resentencing in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE